**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 24-6755-JFW(SSCx)** | Date:  August 19, 2024 |
| Title: | Daniel Seegmiller, et al. *-v-* 3M Company, et al. | |

**PRESENT:**

       **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| **Courtroom Deputy** | **Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

On July 9, 2024, Plaintiffs Daniel Seegmiller and Ann Seegmiller (collectively, "Plaintiffs") filed a Complaint against approximately forty defendants in Los Angeles Superior Court ("LASC"). On August 9, 2024, Defendant Air & Liquid Systems Corporation, successor by merger to Buffalo Pumps, Inc. ("Buffalo Pumps") filed a Notice of Removal, alleging that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Buffalo Pumps bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Buffalo Pumps bases its Notices of Removal on 28 U.S.C. § 1442(a)(1)'s federal officer removal statute.  Section 1442(a) provides, in relevant part:

> A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the

district and division embracing the place wherein it is pending:  (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . .

28 U.S.C. § 1442(a).

When a private person or entity, such as Buffalo Pumps, attempts to remove an action based on Section 1442, the "relevant relationship is that of a private person 'acting under' a federal 'officer' or 'agency.'"  *Watson v. Philip Morris Cos*., 551 U.S. 142, 151 (2007).  Specifically,  "[t]o invoke § 1442(a)(1) removal, a defendant in a state court action 'must demonstrate that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'"  *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018) (*quoting Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006)).  "To demonstrate a causal nexus, the private person must show: (1) that the person was 'acting under' a federal officer in performing some 'act under color of federal office,' and (2) that such action is causally connected with the plaintiff's claims against it."  *Cty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 755 (9th Cir. 2022).  The causal nexus inquiry "focuses on whether the defendant was involved in an effort to assist, or to help carry out, the duties or tasks of a federal superior*." Lake v. Ohana Military Cmtys., LLC*, 14 F.4th 993, 1004 (9th Cir. 2021) (internal quotation marks omitted).  However, "a person's compliance with the law (or *acquiescence* to an order)" does not "amount to 'acting under' a federal official who is giving an order or enforcing the law."  *See Cty. of San Mateo v. Chevron Corp*., 32 F.4th 733, 757 (9th Cir. 2022) (internal quotation marks omitted); *see also Early v. Northrop Grumman Corp*., 2013 WL 3872218, at *5 (C.D. Cal. July 24, 2013) (rejecting the defendant's arguments it acted under a federal officer because it was required by agreement to comply with certain Air Force standards); *Clover v. Camp Pendleton & Quantico Hous. LLC*, 525 F. Supp. 3d 1140, 1144 (S.D. Cal. 2021) ("Although Defendants have pointed to a Navy-approved mold management plan and other Navy guidance on how to manage the property, there is nothing to suggest that the government was exercising its discretion and that Defendants were merely following orders as given").

In this case, the Court concludes that Buffalo Pumps has not sufficiently demonstrate in its Notice of Removal that this Court has subject matter jurisdiction pursuant to Section 1442(a)(1). Accordingly, Buffalo Pumps is hereby ordered to show cause, in writing, no later than August 23, 2024 why this Court should not remand this action to LASC for lack of subject matter jurisdiction. No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  If the parties file a stipulation and proposed order remanding this action to state court, the Court will consider that a satisfactory response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the remand of this action.

IT IS SO ORDERED.