**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 24-6755-JFW(SSCx)** | Date: August 30, 2024 |

Title:     Daniel Seegmiller, et al. *-v-* 3M Company, et al.

---

**PRESENT:  HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REGARDING PLAINTIFFS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

On July , 2024, Plaintiffs Daniel Seegmiller and Ann Seegmiller (collectively, "Plaintiffs") filed a Complaint against approximately forty defendants in Los Angeles Superior Court ("LASC"). Docket No. 1-1.  On August 9, 2024, Defendant Air & Liquid Systems Corporation, successor by merger to Buffalo Pumps, Inc. ("Buffalo Pumps") filed a Notice of Removal, alleging that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).  Docket No. 1.  On August 19, 2024, the Court issued an Order to Show Cause ("OSC"), ordering Buffalo Pumps to demonstrate why the Court should not remand this action to LASC for lack of subject matter jurisdiction.  Docket No. 29.  On August 26, 2024, Buffalo Pumps filed its Response.  *See* Docket No. 79, 82, 87-89.

The Court now orders Plaintiffs to file a Response to the Court's OSC on or before **September 4, 2024.**  Specifically, Plaintiffs should address whether they waive any claims to which a federal contractor defense could apply.  *See, e.g., Long v. 3M Company*, 2024 WL 866 819 (Jan. 31, 2024) (granting motion to remand and concluding "that [the plaintiff's] explicit waiver [of any claims stemming from exposure while working on Navy, Coast Guard, or United States government-commissioned vessels] came after the removal does not undermine its effectiveness").  In their Complaint, Plaintiffs allege that:

> Federal Courts lack jurisdiction over this action; removal is therefore improper. Specifically, removal based on diversity jurisdiction is unavailing due to the presence of a Defendant that resides in California.  In addition, no claim of admiralty or maritime law is raised, Plaintiffs sue no foreign state or agency, and Defendants lack a colorable federal defense that would warrant removal pursuant to 28 U.S.C. 1442(a)(1).

Complaint, ¶ 11.  Based on paragraph 11 of the Complaint, the Court cannot determine if Plaintiffs intended to waive any claims to which a federal contractor defense could apply.

IT IS SO ORDERED.