# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. **CV 24-6755-JFW(SSCx)** | Date: December 11, 2024 |
| Title: Daniel Seegmiller, et al. -v- 3M Company, et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     ORDER TO SHOW CAUSE RE: DISMISSAL OF ACTION

    On July 9, 2024, Plaintiffs Daniel Seegmiller and Ann Seegmiller (collectively, "Plaintiffs") filed a Complaint against approximately forty defendants in Los Angeles Superior Court ("LASC"), alleging claims for: (1) negligence; (2) products liability; (3) loss of consortium; and (4) premises owner/contractor liability.  In their Complaint, Plaintiffs alleged that Daniel Seegmiller was exposed to asbestos-containing products manufactured by the defendants while serving in the United States Navy as a plumber from 1968 to 1972.  Plaintiffs also alleged that Daniel Seegmiller had been diagnosed with an asbestos-related disease caused by his exposure to asbestos.  On August 9, 2024, Defendant Air & Liquid Systems Corporation, successor by merger to Buffalo Pumps, Inc. ("Buffalo Pumps"), filed a Notice of Removal, alleging that this Court had jurisdiction pursuant to 28 U.S.C. § 1442, because Plaintiffs' claims involved a person (Buffalo Pumps) acting under the authority of an officer or agency of the United States.

    On August 19, 2024, Daniel Seegmiller died.  On September 4, 2024, Plaintiffs filed and served a Notice of Suggestion of Death and Request for Stay of Proceedings ("Notice of Suggestion of Death").  *See* Docket No. 119.  Pursuant to Federal Rule of Civil Procedure 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party."  However, if a motion for substitution "is not made within 90 days after the service of a statement noting the death, the action by or against the decedent must be dismissed."  F.R.C.P. 25(a)(1).  To date, Plaintiffs have not made a motion for substitution.  Indeed, in the Joint Statement of the Parties Re: Result of Mediation, filed December 2, 2024 (Docket No. 257) ("Joint Statement"), Plaintiffs stated that a motion for substitution would not be made by December 4, 2024, which is ninety days after the Notice of Suggestion of Death was filed.  Instead, in the Notice of Suggestion of Death, Plaintiffs requested that the Court "dismiss this action without prejudice, pursuant to FRCP 25(a)(1)."  Joint Statement, ¶ 6.  Plaintiffs have dismissed all of the defendants except for Foster Wheeler Energy Corporation ("Foster Wheeler").  Foster Wheeler has declined

Plaintiffs' offer to dismiss this action without prejudice, and will only agree to a dismissal with prejudice.[1]

Rule 25 requires two affirmative steps to trigger the ninety-day period for the filing of a motion for substitution. *See Gilmore v. Lockard,* 936 F.3d 857, 865 (9th Cir. 2019). First, a party must formally suggest the death of the party on the record. *Id*. at 865. Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. *Id.* In this case, although more than ninety days has passed since Plaintiffs filed the Notice of Suggestion of Death and the Notice of Suggestion of Death was served on the defendants, it does not appear that the Notice of Suggestion of Death was served on any potential nonparty successors or representatives of the deceased.

Accordingly, Plaintiffs shall file, no later than **December 16, 2024**, a declaration of counsel demonstrating that Plaintiffs have fully complied with Rule 25(a)(1). No oral argument on this matter will be heard unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause. If Plaintiffs file a motion for order dismissing this action without prejudice pursuant to Rule 41(a), the Court will accept that as an appropriate response to the Order to Show Cause.

IT IS SO ORDERED.

---

[1] In the Joint Statement, Plaintiffs stated that they "plan on filing a motion for order dismissing this action without prejudice pursuant to FRCP 41(a)(2) & FRCP 41(a)(2)(B)." Joint Statement, ¶ 5.